IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

EARL D. WILK, SR.,

    **Plaintiff,**

v.                                      Civil Action No. 3:04CV92
                                         (BROADWATER)

GENERAL MOTORS
CORPORATION,

    **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On this, the above styled matter came before the Court for consideration of Defendant's motion for summary judgment. As set forth below, the motion is hereby **GRANTED**.

### I. Factual and Procedural Background

Earl D. Wilk, Sr., ("Plaintiff") was employed by General Motors Corporation ("GM") as a temporary employee at GM's distribution center in Martinsburg, West Virginia. Plaintiff was hired periodically as a temporary worker in 1998, 1999, 2000, and 2001. During these periods of temporary employment, Plaintiff was required to attend non-paid training sessions. Plaintiff's last employment with GM ended on or about September 9, 2001.

Plaintiff's complaint was filed in the Circuit Court of Berkeley County, West Virginia on August 23, 2004, alleging that GM's failure to pay for the required training programs was a violation of the West Virginia Wage Payment and Collection Act, W. Va. Code §§ 21-5-1 - 16 (2002)[1]. GM

---

[1] The instant complaint was filed along with fourteen (14) other cases by similarly situated temporary workers against GM asserting the same cause of action as Plaintiff. All of those other cases have settled.

1

removed the action to this Court on October 1, 2004 asserting that Plaintiff's complaint was preempted by the Labor Management Relations Act, 29 U.S.C. § 185 (LMRA) because temporary employees at the Martinsburg facility were subject to the labor contract between GM and the International Union of United Automobile, Aerospace, and Agricultural Implement Workers of America. Thus, the Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff filed a motion to remand on November 2, 2004 arguing that the sole issue before the Court was the claim under the West Virginia Wage Payment and Collection Act, W. Va. Code §§ 21-5-1 - 16 (2002). Thus, federal question jurisdiction did not exist and there was no diversity of citizenship of the parties.

On March 16, 2005, the Court denied the motion to remand finding that the case turned on whether Plaintiff was covered under the terms and definitions of the collective bargaining agreement. As such, Plaintiff's claim was preempted by the LMRA and remand was inappropriate.[2] On April 27, 2005, GM filed a motion for summary judgment arguing that under LMRA Plaintiff's complaint was barred by the six-month statute of limitations. On May 16, 2005, Plaintiff filed a response to the motion for summary judgment. GM filed a reply to the response on June 7, 2005. The Court has considered the pleadings and the applicable law on point; thus, the issue is ripe for decision.

## II. Applicable Law

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

[2] Plaintiff's former counsel filed a motion to withdraw on February 17, 2005. The Court granted Plaintiff's counsel's motion to withdraw on March 16, 2005. Plaintiff has proceeded *pro se* since that date.

2

of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

### III. Discussion

The issue presented is whether Plaintiff's complaint is barred by the six month statute of limitations prescribed by LMRA. A claim for relief under section 301 of LMRA is subject to the six month statute of limitations embodied in section 10(b) of the National Labor Relations Act. DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169 (1983); see also Barton v. Creasey Co., 718 F. Supp. 1284, 1288 (N.D. W. Va. 1989) (finding that a claim under the West Virginia Wage Payment and Collection Act was preempted by LMRA and as such, the plaintiff had six months to bring the suit). Thus, Plaintiff would have had six months from the time the claim accrued to file the instant suit.

Plaintiff claims that he was employed periodically as a temporary worker for GM in 1998, 1999, 2000, and 2001. Pl's. Compl. ¶ 3. Plaintiff further claims that he was separated from his temporary work by GM on or about September 9, 2001. Pl's. Compl. ¶ 4. Under these facts, Plaintiff should have filed the instant suit on or before March 9, 2002. This case was filed in the Circuit Court of Berkeley Count on August 23, 2004, well past the six month deadline as required under the applicable law. Consequently, Plaintiff's case is barred and must be dismissed.

## IV. Decision

It is therefore **ORDERED** that:

1. GM's motion for summary judgment (**Docket number 27**) be and is hereby **GRANTED**,

2. All pending motions (**Docket numbers 29, 34, 25, 36, 37, 38, 41 and 54**) be and are hereby **DENIED AS MOOT**,

3. The remaining case schedule including the Trial on August 22 - 26, 2005 and the Pretrial Conference on August 1, 2005 at 3:00 p.m., be and is hereby **VACATED**, and

4. This action be and is hereby **DISMISSED WITH PREJUDICE and STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit copies of this Order to Plaintiff and all counsel of record herein.

DATED this **20th** day of July 2005.

*W. Craig Broadwater*
**W. CRAIG BROADWATER**
**UNITED STATES DISTRICT JUDGE**